**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNIFRAX I LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.:  1:22-CV-00341-LJV |
| v. | ) |
| | ) |
| BRIAN BRADLEY | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S MOTION TO FILE FIRST AMENDED COMPLAINT

Pursuant to the Second Amended Case Management Order (Dkt. No. 42 ¶1) and Federal Rules of Civil Procedure 15 and 21, Plaintiff Unifrax I LLC, known as Alkegen ("Unifrax"), by counsel, respectfully files Plaintiff's Motion to File First Amended Complaint, and hereby alleges and as follows:

## I.    SUMMARY OF MOTION

Unifrax files this motion in order to file the First Amended Complaint attached as *Exhibit 1* to this motion, for two main purposes. *First*, the First Amended Complaint will add Nutec, Inc. ("Nutec"), as a new Defendant to this lawsuit, the company that is Defendant Brian Bradley's employer. *Second*, the First Amended Complaint will contain additional factual allegations and legal claims against Defendant Bradley that were confirmed in his recent deposition on March 21, 2023. The Court should grant this motion because it is Unifrax's first request to amend the Complaint, justice so requires the requested pleading amendment, and there is no delay in seeking this amendment.

## II.    ARGUMENTS AND AUTHORITIES

Unifrax timely files this motion to amend consistent with the deadline provided in the

1

Second Amended Case Management Order (Dkt. No. 42 ¶1). Federal Rule of Civil Procedure 15 authorizes Unifrax to amend its pleading either with leave of court, or with the Defendant's written consent. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15. "While motions to amend are generally governed by Rule 15(a), Rule 21 controls if the proposed amendment adds new parties. Rule 21 states that a party may be added to an action 'at any time, on just terms.'" *Bridgeport Music, Inc. v. Universal Music Grp., Inc.,* 248 F.R.D. 408, 412 (S.D.N.Y. 2008) (internal citations omitted). "In deciding whether to permit joinder, courts apply the 'same standard of liberality afforded to motions to amend pleadings under Rule 15.'"

Unifrax deposed Defendant Bradley on March 21, 2023. *See* Declaration of Mark S. Kittaka attached hereto as ***Exhibit 2*** at ¶ 1. In that deposition, Unifrax confirmed a number of key facts concerning the purpose, scope, and manner in which Defendant Bradley intentionally misappropriated Unifrax's confidential business and trade secret information. *Id.* at ¶ 2. The deposition also confirmed that Bradley took an enormous volume of Unifrax confidential business and trade secret information for the purpose of having continued access to those documents to use on a going forward basis, in his new job at Nutec. *Id.* at ¶ 3. In Defendant Bradley's deposition Unifrax learned for the first time, that Bradley used information that he obtained and/or learned from Unifrax on Nutec's behalf, including to make Nutec product modifications and improvements. *Id.* at ¶ 4. Unifrax also learned in the deposition that Bradley has effectively worked as the sole engineer at Nutec, a role that uniquely poises Bradley to use the over 160 gigabytes of Unifrax documents and information that he stole from Unifrax to benefit Nutec, and competitively harm Unifrax. *Id.* at ¶ 5

These above summarized facts learned just last week, form the basis of factual allegations and additional claims that Unifrax intends to assert in the First Amended Complaint, which are

2

shown in redline in the proposed First Amended Complaint attached as Exhibit 1 to the motion. *Id*. at ¶ 6. Consistent with Rule 15(a)(2), the "court should freely give leave" to Unifrax to amend the Complaint because "justice so requires" that Unifrax have the ability to defend itself against the misconduct involving Bradley and Nutec, given the applicable facts. Similarly, the liberal standard in Rule 21 allowing the Court to add parties "at any time, on just terms" supports adding Nutec as a Defendant. Unifrax did not delay in filing this motion, as it is timely under the applicable scheduling order, and is filed just one week following Bradley's deposition.

For the foregoing reasons, Unifrax respectfully requests that the Court grant it leave to file the clean version of the First Amended Complaint attached as Exhibit 1 to this Motion. Unifrax also requests any further relief at law or equity consistent with this disposition, including, to the extent needed, the Court's modification of the Second Amended Case Management Plan to account for Nutec's presence in the case and the additional claims asserted with discovery and dispositive pleading deadlines.

Dated: March 31, 2023

Respectfully submitted,

*/s/ Mark S. Kittaka*
V. Chisara Ezie-Boncoeur
(NY Bar No. 5333224)
Mark S. Kittaka (admitted *pro hac vice*)
**BARNES & THORNBURG LLP**
201 S. Main Street, Suite 400
South Bend, IN 46601
Phone:  (574) 233-1171
Fax:  (574) 237-1125
(cezie@btlaw.com)

**ATTORNEYS FOR PLAINTIFF**

## Certificate of Conference

The undersigned hereby certifies that counsel for Plaintiff attempted to get consent from Defendant's counsel by emails sent on March 30, 2023 at 1:30 p.m. as well as March 31, 2023 at 3:09 p.m.  Counsel for Defendant is has not consented to the present motion at this time.

*/s/ Mark S. Kittaka*
Mark S. Kittaka

## Certificate of Service

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on counsel of record for the parties by e-service using the Court's e-filing system on March 31, 2023.

*/s/ Mark S. Kittaka*
Mark S. Kittaka